*1047 OPINION.
Lansdon :
At the hearing of this proceeding, counsel for the respondent admitted that the petitioner’s opening inventory for 1920 had been improperly reduced by the amount of $9,355.21. As this point is conceded by the respondent, it requires no further consideration.
The evidence adduced in support of the petitioner’s claim for a deduction from gross income in 1920 in the amount of $8,435.14, is indefinite and inadequate. The manufacture of headings was discontinued in November, 1919. Some of the machinery was sold during the taxable year and later years for amounts equal to its original cost to the petitioner. The Corliss engine was protected from the weather and remained in the possession of the petitioner. No evidence was introduced as to the depreciated or unrecovered cost on December 31,1920, of the dry kiln, shed, trestle track, Corliss engine, or any other assets forming the basis of the claimed deduction. The schedule of costs of additions and improvements set forth in the findings of fact obviously applies to the entire plant, including the stave mill as well as the heading mill. From the record, we are unable to ascertain how the petitioner arrived at its *1048 claimed deduction for so-called obsolescence in the amount of $8,435.14. We are of the opinion that the petitioner has not established his claim to a deduction from gross income in 1920 because of the dismantling of its heading mill and equipment. See Marigold Garden Co., 6 B. T. A. 368.
Judgment vnll be entered on 15 days’ notice, under Rule 50.
Considered by Stiornhagen, Green, and Arundell.